UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RUSSELL KING | ) ) ) | |
| Plaintiff | ) ) | Case Number |
| vs. | ) ) ) | CIVIL COMPLAINT |
| ENCORE RECEIVABLE MANAGEMENT, INC. | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant | ) ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Russell King, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Russell King, is an adult natural person and he bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

## III.  PARTIES

4. Plaintiff, Russell King, is an adult natural person residing at 1309 Rose of Sharon Court, Pleasant Garden, NC 27313.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Encore Receivable Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of North Carolina and the Commonwealth of Pennsylvania with a registered office located at 2704 Commerce Drive, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. In or around September, 2009, Plaintiff retained the services of the law firm Persels & Associates to help aid her in the settlement of her unsecured debt.  Persels & Associates is also acting as Plaintiff's Power of Attorney (POA).

8. In or around mid December, 2009, Plaintiff started receiving calls from Defendant in regards to a debt owed on a GE Money account for around $3,971.00

9. On or about that same time, Plaintiff also begun receiving calls from the original creditor GE Money collecting on the same debt.

10. On or about December 15, 2009, Persels & Associates sent a cease and desist letter to Defendant letting them know that they were representing the Plaintiff in settling their debts and to cease all further direct contact.  **See Exhibit "A" (letter) attached hereto.**

11. On or about February 1, 2010, Plaintiff received a call from Defendant threatening that he had four (4) days to make a payment or his account would be turned over to their legal department and he could lose his cars and his home.

12. Both the Defendant and GE Money are also calling Plaintiff's ex-wife.

13. Defendant has informed the Plaintiff's ex-wife that she is listed on the Plaintiff's account and that she is also responsible for paying it off.

14. Plaintiff's ex-wife demanded written proof of this fact from the Defendant.  She has never received anything from Defendant.

15. On or about February 12, 2010, Plaintiff received another call from Defendant informing him that he is running out of time and that this account would soon be turned over to their lawyers.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

22. The above paragraphs are hereby incorporated herein by reference.

22.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§1692c(a)(2) | After it knows the consumer to be represented by an attorney unless the attorney consents or is unresponsive |
| §§1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§1692c (c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | | |
|---|---|---|
| | §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| | §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| | §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Encore Receivable Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: February 16, 2010          BY:   */s/  Brent F. Vullings*
                                                Brent Vullings, Esquire
                                                Warren & Vullings, LLP
                                                1603 Rhawn Street
                                                Philadelphia, PA  19111
                                                215-745-9800   Fax 215-745-7880
                                                Attorney for Plaintiff